# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT A. MACMILLAN, | : |
| Plaintiff | : CIVIL ACTION NO. 3:05-0174 |
| v. | : (CAPUTO, D.J.) |
| | : (MANNION, M.J.) |
| FRANKLIN COUNTY PRISON, FRANKLIN COUNTY NURSING STAFF, DOCTOR KENNETH W. RICTOR; and CORRECTIONS OFFICER MRS. ALT, | : |
| Defendants | : |

## REPORT AND RECOMMENDATION

On January 26, 2005, the plaintiff, a former inmate at the Franklin County Prison, Chambersburg, Pennsylvania[1], filed the instant action pursuant to 42 U.S.C. § 1983. (Doc. No. 1). On February 7, 2005, the plaintiff filed the appropriate application to proceed in forma pauperis, (Doc. No. 6), and authorization form, (Doc. No. 7). As a result, a financial administrative order was issued on February 14, 2005. (Doc. No. 8).

The plaintiff's entire statement of claim reads as follows:

> September 28, 2004 C.O. Alt was the cause of my middle finger being caught in cell doors. I was taken to nurse office. My finger bleed for 2-days. I was never taken to the hospital or finger x-ray. I was only butterfly stiched (sic) up and told it would heal. It's

---

[1] The plaintiff has informed the court that he is currently confined at the State Correctional Institution, Camp Hill, Pennsylvania. (Doc. No. 10).

1

>       been 2 month, now a new doctor has been on and he
>       has informed me and nurse staff my finger will never
>       heal and my nerves are damage.

(Doc. No. 1, p. 4).  Based upon these allegations, the plaintiff has brought the instant action seeking to "sue the County Prison for malpractice and neglect." (Id.).

To state a claim under § 1983, the plaintiff must show that the defendants, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States.  42 U.S.C. § 1983; Morse v. Lower Merion School District, 132 F.3d 902 (3d Cir. 1997); Maine v. Thiboutot, 448 U.S. 1 (1980).  The Supreme Court has held that negligence or inadvertence alone do not rise to the level of a constitutional deprivation. Whitley v. Albers, 475 U.S. 312 (1986); Davidson v. O'Lone, 474 U.S. 344 (1986).  In Daniels v. Williams, 474 U.S. 327 (1986), the Court noted that "[l]ack of due care suggest no more than a failure to measure up to the conduct of a reasonable person."

Because the plaintiff is seeking to bring this action based upon the defendants "malpractice and neglect," the plaintiff has failed to state a claim pursuant to § 1983 upon which relief can be granted.

On the basis of the foregoing,

**IT IS RECOMMENDED THAT:**

the plaintiff's complaint, **(Doc. No. 1)**, be **DISMISSED** without prejudice to his ability to file a state court negligence action, if he deems appropriate.

                                 **s/ Malachy E. Mannion**
                                 **MALACHY E. MANNION**
                                 **United States Magistrate Judge**

Date:   April 1, 2005

O:\shared\REPORTS\2005 Reports\05-0174